IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BROSMILL HOLDINGS LIMITED;                10-CV-368-BR
ZHILISHNO-PRAVOVOY CENTER,
OOO; and SERGEY PETROV,
                                          OPINION AND ORDER
          Plaintiffs,

v.

WELLINGTON FINANCE, LLC;
ANDREY D. AKHTYAMOV; and
KONSTANTIN N. VOLKOV,

          Defendants.


SCOTT F. KOCHER
RICHARD J. VANGELISTI
Vangelisti Kocher, LLP
811 S.W. Naito Parkway
Suite 420
Portland, OR 97204
(503) 445-2102

NEIL S. HYMAN
4416 East West Highway
Suite 400
Bethesda, MD 20814
(301) 841-7105

          Attorneys for Plaintiffs


1 - OPINION AND ORDER

**JOHN C. ROTHERMICH**
Garvey Schubert Barer
121 S.W. Morrison, 11th Floor
Portland, OR 97204
(503) 228-3939

**KEVIN J. LENNON**
Lennon, Murphy, Caulfield & Phillips, LLC
2425 Post Road
Southport, CT 06890
203-256-8600

      Attorneys for Defendant Andrey D. Akhtyamov

**BROWN, Judge.**

    This matter comes before the Court on Defendant Andrey D. Akhtyamov's Motion (#16) to Vacate Entry of Default Pursuant to Fed. R. Civ. P. 55 and 60 and to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b).

    The following facts are taken from Plaintiffs' Complaint:

    In 2004 Plaintiff Zhilishno-Pravovoy Center, OOO (ZPC), entered into a contract to purchase shares of Uralinvestenergo Industrial Group (UIG) and Uralinvestenergo Corporation (UC) from Akhtyamov for $15,000,000.

    On April 5, 2004, Akhtyamov and Defendant Konstantin N. Volkov instructed Plaintiffs Sergey Petrov and ZPC to wire-transfer $2,500,000 to Defendant Wellington Finance, LLC, for the partial purchase of the shares at issue in the contract.

    On April 6, 2004, Petrov directed Plaintiff Brosmill Holdings Limited to transfer $2,500,000 to Wellington Finance per the instructions of Akhtyamov and Volkov.  Brosmill transferred

2 - OPINION AND ORDER

the funds to Wellington Finance as directed.

Plaintiffs never received any of the shares of stock contemplated by the contract.

On April 2, 2010, Plaintiffs filed an action in this Court against Wellington Finance, Akhtyamov, and Volkov alleging claims for breach of contract, unjust enrichment, fraud, and civil conspiracy.  Plaintiffs seek $2,500,000 in compensatory damages in all of their claims as well as punitive damages of $2,500,000 in their fraud and civil conspiracy claims.

On May 26, 2010, Plaintiffs properly served Wellington Finance.  On May 31, 2010, Plaintiffs served Akhtyamov in Yekaterinburg, Russia, by way of personal service.

On June 29, 2010, Plaintiffs filed a Request seeking an entry of default judgment against Wellington Finance and Akhtyamov for $2,466,035.20.

On July 19, 2010, the Court issued an Opinion and Order granting Plaintiffs' Request to the extent that Plaintiffs sought an order of default as to Defendants Wellington Finance and Akhtyamov; directing the Clerk of Court to enter the default as to these Defendants; and setting an evidentiary hearing on July 23, 2010, to determine the amount of Plaintiffs' damages.

On July 23, 2010, Plaintiffs delivered a letter to the Court that included an email to Plaintiffs' counsel from Akhtyamov in which Akhtyamov asserted this action was not within this Court's

3 - OPINION AND ORDER

jurisdiction.  Plaintiffs' counsel advised the Court that he had
received a telephone call from an attorney indicating he had been
retained by Akhtyamov and that Akhtyamov intended to seek to set
aside the default against him as soon as possible.  On that same
day, Kevin Lennon advised the Court via email that he had been
retained by Akhtyamov and that Akhtyamov would be filing a motion
to set aside the default and to dismiss this action for lack of
proper service and lack of jurisdiction in the near future; and
that Akhtyamov was requesting the Court "adjourn" the evidentiary
hearing.

On July 23, 2010, the Court held a hearing on Plaintiffs'
Request for default judgment against Akhtyamov and stayed the
issue in light of the communications from Akhtyamov.  The Court
set a hearing on September 14, 2010, to address Akhtyamov's
potential motion to vacate entry of default.

On August 6, 2010, Akhtyamov filed a Motion to Vacate Entry
of Default Pursuant to Fed. R. Civ. P. 55 and 60 and to Dismiss
Complaint Pursuant to Fed. R. Civ. P. 12(b).

On August 20, 2010, Plaintiffs filed an Amended Complaint
alleging additional facts responsive to Akhtyamov's personal
jurisdiction arguments.

On September 13, 2010, Plaintiffs filed a Request (#27) for
Default and Default Judgment Re Defendant Volkov.

On September 14, 2010, the Court heard oral argument on

4 - OPINION AND ORDER

Plaintiffs' Request for Entry of Default and Default Judgment as to Volkov, Plaintiffs' Motion for Entry of Default Judgment as to Akhtyamov, and Akhtyamov's Motion to Vacate Entry of Default.  At the hearing and for the reasons stated on the record, the Court (1) denied Plaintiffs' Request for Entry of Default and Default Judgment as to Volkov, (2) denied Plaintiffs' Motion for Default Judgment against Akhtyamov, (3) granted Akhtyamov's Motion to the extent that the Court vacated the entry of default against Akhtyamov, (4) directed Akhtyamov to advise the Court no later than September 17, 2010, whether Akhtyamov would waive formal service of Plaintiffs' Amended Complaint, and (5) directed the parties to propose a deadline for Akhtyamov to respond to Plaintiffs' Amended Complaint if he waived formal service.

On September 17, 2010, Akhtyamov advised the Court that he waives formal service of Plaintiffs' Amended Complaint.  In addition, the parties advised the Court that they had agreed Akhtyamov would file a response to Plaintiffs' Amended Complaint no later than November 18, 2010.  Finally, the parties advised the Court that Plaintiffs should be allowed to conduct limited discovery through November 17, 2010, as to this Court's personal jurisdiction over Akhtyamov.

Accordingly, the Court grants the parties' request that

Plaintiffs may conduct discovery as to this Court's personal jurisdiction over Akhtyamov, and the Court concludes limited discovery is also appropriate as to the impact of the forum-selection clause in the contract.  Such discovery may include written discovery such as interrogatories and requests for production and a deposition of Akhtyamov limited to these issues. Plaintiffs shall have until **November 17, 2010**, to conduct this limited discovery.  The Court also directs Akhtyamov to file a response to Plaintiffs' Amended Complaint no later than **November 18, 2010.**

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Akhtyamov's Motion (#16) to the extent that he seeks to vacate the default previously entered; **DENIES as moot** Akhtyamov's Motion to the extent that he seeks to dismiss Plaintiffs' Complaint; and, accordingly, **VACATES** the entry of default against Akhtyamov.

The Court **GRANTS** the parties' request for Plaintiffs to conduct limited discovery until **November 17, 2010**, as set out herein.  The Court also **DIRECTS** Defendant Akhtyamov to file a response to Plaintiffs' Amended Complaint no later than

**November 18, 2010.**

IT IS SO ORDERED.

DATED this 21st day of September, 2010.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District

7 - OPINION AND ORDER